Marc S. Strecker, Esq. (Cal. Bar No.: 140644)
marc.strecker@sbcglobal.net
STRECKER LAW OFFICES
2600 Michelson Drive, Suite 1700
Irvine, California  92612
Telephone:  (949) 852-3600
Facsimile:  (949) 861-9696

Attorneys for Plaintiff JOSEPH A.
BRANDSTETTER

# THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

JOSEPH A. BRANDSTETTER, an
individual,

            Plaintiff,

      v.

DISTRIBUTED CREATION,
INC., a Delaware corporation; and
DOES 1 through 200, inclusive,

         Defendants.

CASE NO.

**COMPLAINT FOR:**
1. **INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK IN VIOLATION OF THE LANHAM ACT;**
2. **FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING IN VIOLATION OF THE LANHAM ACT;**
3. **UNFAIR COMPETITION IN VIOLATION OF THE LANHAM ACT;**
4. **DILUTION IN VIOLATION OF THE LANHAM ACT;**
5. **COMMON LAW TRADEMARK INFRINGEMENT UNDER CALIFORNIA LAW;**
6. **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 14245, 14247 and 14250;**
7. **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200; AND**
8. **INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE UNDER CALIFORNIA LAW;**
9. **INFRINGEMENT OF RIGHT OF PUBLICITY UNDER**

- 1 -

COMPLAINT

**CALIFORNIA CIVIL CODE §3344;**
10. **INFRINGEMENT OF RIGHT OF PUBLICITY UNDER CALIFORNIA CIVIL CODE §3344.1; AND**
11. **COMMERCIAL MISAPPROPRIATION OF COMMON LAW RIGHT OF PUBLICITY UNDER CALIFORNIA LAW**

**DEMAND FOR JURY TRIAL**

Plaintiff JOSEPH A. BRANDSTETTER ("BRANDSTETTER" or "Plaintiff") alleges as follows:

## JURISDICTION

1.  This is an action for trademark infringement, false designation of origin, dilution and unfair competition under the Trademark Act of 1946, as amended (The Lanham Act, 15 U.S.C. §1051 et seq.) and related causes of action under the laws of the State of California arising from the use by Defendants of the name and mark "Rhodes" and confusingly similar variants and imitations thereof in violation of Plaintiff's rights in their famous "Rhodes" family of registered and common law marks and trade names, as well as infringement of Plaintiff's common law and statutory rights of publicity in the name of Harold B. Rhodes, as hereinafter set forth.  This Court has jurisdiction over this action pursuant to 15 U.S.C. §1121 (actions arising under the Federal Trademark Act), 28 U.S.C. §1338(a) (acts of Congress relating to trademarks), and 28 U.S.C. §1332(a) (diversity of citizenship). The amount in controversy herein exceeds $75,000, exclusive of interest and costs.  Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c).

2.  Plaintiff BRANDSTETTER is and at all times herein mentioned was an individual residing in the County of Los Angeles, State of California.

3.  Defendant DISTRIBUTED CREATION, INC. is and at all times herein

mentioned was a corporation formed under the laws of Delaware and with its principal office and place of business in New York, New York.  Defendant DISTRIBUTED CREATION, INC. does business in California and in this District and has sufficient contacts with the State of California to justify this Court's exercise of jurisdiction over Defendant DISTRIBUTED CREATION, INC.  The tortious conduct of Defendant DISTRIBUTED CREATION, INC. which is alleged herein includes intentional actions that were either taken by Defendant DISTRIBUTED CREATION, INC. in the State of California or were purposely directed at California residents.

4.   Plaintiff is ignorant of the true names and capacities, whether individual, corporate or otherwise, of Defendants designated as DOES 1 through 200, inclusive, because discovery from the named Defendants is required in order to discern the identities of the DOE Defendants, who acted as employees, officers or agents of the named Defendant in committing the wrongful acts alleged herein, or who acted as distributors for Defendant DISTRIBUTED CREATION, INC. and distributed products which infringed the trademarks of Plaintiff.  Their identities cannot be determined until such discovery is completed.  Each DOE Defendant was in some way responsible for, participated in, or contributed to the matters and things complained of herein, and is legally responsible for the damages complained of herein.

5.   Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, each of the Defendants sued herein ratified, acquiesced in, consented to and approved each and all of the acts of each of the other Defendants and, therefore, said acts are imputable to each of them.

## CLAIM 1

(Against All Defendants for Infringement of Federally Registered Trademark)

6.   Plaintiff incorporates herein by this reference each of the allegations contained in paragraphs 1 through 5 hereinabove as though fully restated at this

point.

7.   This Claim arises under §32 of The Lanham Act (15 U.S.C. §1114).

8.   Plaintiff is the owner of the trademark "Rhodes" (the "Rhodes mark"). The Rhodes mark has been registered with the United States Patent and Trademark Office ("USPTO"), Trademark Registration Nos. 2,233,425 (for musical instruments), 2,236,471 (for electronic pianos) and 3,010,911 (for computer software, namely, software for processing digital music files, sound cards in the nature of pre-recorded computer software for generating sounds, and computer software for generating sounds).  An Affidavit pursuant to Sections 8 and 15 has been filed with the USPTO, rendering the Rhodes mark incontestable.  The Rhodes mark is also registered in over 35 foreign countries, in all of which Plaintiff is the owner.  All of the above registrations are valid and subsisting and remain in full force and effect as evidence of the validity thereof and of Plaintiff's exclusive right to own and use the marks at issue in connection with the goods and services specified in the registrations.  The registration of the Rhodes mark operates as constructive notice, to Defendants herein and to anyone else, of Plaintiff's claim of ownership of the Rhodes mark.

9.   The Rhodes mark has been continuously used in commerce by Plaintiff or Plaintiff's predecessors in interest or Plaintiff's licensees, or the licensees of Plaintiff's predecessors in interest, at all times since the early 1960s to identify musical instruments, including without limitation the Rhodes piano.  Products bearing the Rhodes mark have been extensively advertised and sold throughout the United States, including California, and the world.  Since long prior to the acts complained of herein, members of the musical instruments industry, as well as consumers throughout the world, have recognized the name and mark "Rhodes" as a trade name and trademark exclusively identifying products of the highest quality originating exclusively from Plaintiff or Plaintiff's predecessors in interest or Plaintiff's licensees, or the licensees of Plaintiff's predecessors in

interest.  By virtue of advertising and sales, together with consumer acceptance and recognition, Plaintiff's mark identifies Plaintiff's and Plaintiff's licensees' products only, and distinguishes them from products manufactured and sold by others.  Plaintiff's trademark has thus become a valuable asset symbolizing Plaintiff and his licensees, their quality musical products, and their goodwill.  The Rhodes mark has become famous and distinctive, and signifies the premier electric or electronic keyboard musical instrument.

10. Moreover, as a result of the above, members of the musical instruments industry and members of the consuming public have come to recognize any trademark or service mark including the term "Rhodes" or its phonetic equivalents or any other similar variant when used for a musical instrument or software for generating music as a name extension of Plaintiff's world famous Rhodes mark designating goods of the highest quality originating exclusively from Plaintiff or Plaintiff's predecessors in interest or Plaintiff's licensees, or the licensees of Plaintiff's predecessors in interest.

11. Plaintiff is informed and believes and on that basis alleges that Defendants, and each of them, have, without the consent of Plaintiff, used the Rhodes mark and confusingly similar variants and imitations thereof on products produced, advertised, marketed and sold by said Defendants in California and elsewhere in the United States and around the world.  This use includes, without limitation, the following:

12.  Plaintiff is informed and believes and on that basis alleges that Defendants, and each of them, have, without permission, produced, marketed, advertised, promoted and sold within this District and in other locations, states and countries and continue without permission to produce, market, advertise, promote and sell within this District and in other locations, states and countries, directly and/or indirectly, products that purport to digitally generate the sound of a Rhodes electric piano, and such products and the marketing materials and

websites promoting such products have displayed and do display the Rhodes mark and other confusingly similar variants and uses and imitations of the mark on various products.  Examples of these infringements are attached hereto as Exhibit "1."  Plaintiff is informed and believes and based thereon allege that Defendants, and each of them, have sold and are currently selling and/or licensing without permission downloads and subscriptions for downloads and usage of sound files, sound loops, virtual instruments, pre-recorded computer software for generating sounds, and computer software for generating sounds and other products that infringe on Plaintiff's trademarks by using the mark "Rhodes" or variants thereof, in the products, in the on screen displays and in the marketing and advertising for the products.   For example, Defendants, and each of them, advertise, promote, market and sell without permission thousands of downloadable software products, loops, sounds and samples, all of which are advertised, marketed and sold using the Rhodes mark. This is organized through a search bar pointing to Rhodes and identifying commercial products for sale or license by Defendants.  The result is customer confusion and misappropriation of Plaintiff's trademark.

13. Furthermore, Defendants and each of them have failed to designate and continue to fail to designate Rhodes as a registered trademark with a registered trademark symbol, thereby diluting and degrading the mark.  Defendants also have failed to and continue to fail to disclose that Rhodes is a legally registered mark or to identify Plaintiff as the owner of the Rhodes mark, causing further customer confusion and damage to Plaintiff.  Furthermore, Plaintiff is informed and believes and on that basis alleges that Defendants, and each of them, have used, and continue to use the Rhodes mark in their website, advertising, publications, manuals, brochures and software.  These uses of the Rhodes mark and confusingly similar variants and imitations thereof began after the adoption and use of the Rhodes mark by Plaintiff or Plaintiff's predecessors in interest or

1   Plaintiff's licensees, or the licensees of Plaintiff's predecessors in interest.
2   These uses of the Rhodes mark and confusingly similar variants and imitations
3   thereof are likely to cause confusion or mistake and to deceive members of the
4   public as to the source of origin of the products produced and sold by
5   Defendants.  Plaintiff first discovered the infringements in 2018.

6       14. The foregoing actions by Defendants, and each of them, constitute
7   trademark infringement pursuant to California law and United States federal law
8   as well as the laws of other states, countries and jurisdictions.

9       15. The use of the Rhodes mark by Defendants, and each of them, does not
10  qualify as descriptive fair use or nominative fair use.  The Rhodes mark has no
11  descriptive meaning in addition to its meaning as a trademark.  The use of it by
12  Defendants therefore does not satisfy the requirements for descriptive fair use.
13  Nor is the use of the Rhodes mark by Defendants protected as nominative fair
14  use, because the product or service in question is readily identifiable without use
15  of the trademark, and because Defendants are not using only so much of the
16  mark as is reasonably necessary to identify the product or service and because
17  use of the mark suggests sponsorship or endorsement by the trademark owner.

18      16. Plaintiff is informed and believes and based thereon alleges that
19  Defendants, and each of them, committed the foregoing acts with full
20  knowledge of Plaintiff's rights to the "Rhodes" name and mark and with the
21  intention of exploiting the goodwill built up by Plaintiff and Plaintiff's
22  predecessors in interest therein.

23      17. Plaintiff is informed and believes and on that basis alleges that
24  Plaintiff's licensees' and Defendants' products are similar and move through
25  similar channels of trade to similar classes of consumers and Plaintiff's
26  licensees and Defendants are in competition with respect to those products.

27      18. The names and marks used by Defendants are either identical or so
28  similar to Plaintiff's name and mark as to be likely to cause confusion, mistake

STRECKER LAW
OFFICES

1  or deception as to the source or origin of Defendants' products in that members

2  of the general public, musicians and others in the music industry are likely to

3  believe that Defendants' products are provided by, or sponsored by, or approved

4  by, or licensed by, or affiliated with or in some other way legitimately

5  connected with Plaintiff or Plaintiff's licensees, all to Plaintiff's irreparable

6  harm.  Moreover, Plaintiff is informed and believes and on that basis alleges that

7  actual confusion has occurred among members of the class of consumers that

8  purchase Plaintiff's licensees' products, resulting in irreparable harm to

9  Plaintiff.  Plaintiff is informed and believes and on that basis alleges that

10  members of the general public, musicians and others in the music industry are

11  likely to purchase, and have purchased, the goods produced, distributed and/or

12  sold by Defendants, and each of them, because of the confusion, mistake or

13  deception as alleged hereinabove, thereby resulting in a loss of sales and profits

14  to Plaintiff.  Plaintiff has no control over the quality of the goods sold by the

15  Defendants, and because of the confusion as to the source engendered by the

16  Defendants, Plaintiff's valuable goodwill in respect to his aforesaid trademark is

17  at the mercy of Defendants.  The use by Defendants, and each of them, of the

18  Rhodes mark and confusingly similar variants and imitations of the Rhodes

19  mark has resulted in the dilution of the exclusive rights which Plaintiff and

20  Plaintiff's licensees formerly enjoyed in connection with said trademarks, to the

21  great detriment of Plaintiff.  Defendants, and each of them, are direct

22  competitors of Plaintiff through Plaintiff's licensees.  By their unauthorized and

23  infringing use of the Rhodes mark and confusingly similar variants and

24  imitations thereof, Defendants, and each of them, have been unjustly enriched.

25      19. Plaintiff is informed and believes and on that basis alleges that as a

26  direct and proximate result of Defendants' wrongful production, use, display,

27  marketing, promotion, advertising and sale of products bearing the Rhodes mark

28  and marks that are confusingly similar to the Rhodes mark and substantially

STRECKER LAW
OFFICES

- 8 -

COMPLAINT

indistinguishable from the Rhodes mark, Defendants have derived profits in the millions of dollars.  Plaintiff is entitled to recover up to three times these profits, pursuant to 15 U.S.C. §1117(a) and (b), and other applicable law.

20. Plaintiff is informed and believes and on that basis alleges that as a direct and proximate result of Defendants' infringement of the Rhodes marks, Plaintiff has sustained damages in an amount which cannot presently be precisely ascertained, but that is believed to be in the millions of dollars and is in any event above the minimum jurisdictional limit of this Court.  Plaintiff is entitled to recover up to three times these damages, pursuant to 15 U.S.C. §1117(a) and (b), and other applicable law.

21. Plaintiff is informed and believes and on that basis alleges that Defendants, by their above enumerated acts, have willfully and knowingly violated and infringed and threaten to further infringe the rights of Plaintiff in the federally registered mark "Rhodes," in violation of §32 of the Lanham Act (15 U.S.C. §1114) with the intention of deceiving and misleading those in the music business and the public at large, and of wrongfully trading on the goodwill and reputation of Plaintiff.  The actions of Defendants, and each of them, as alleged herein, have been willful, intentional, deliberate, malicious, fraudulent and designed specifically to trade upon the goodwill associated with Plaintiff's trademark.  Plaintiff's goodwill in this trademark is of enormous value, and Plaintiff will suffer irreparable harm if Defendants' infringement is allowed to continue, to the detriment of Plaintiff's trade reputation and goodwill.

22. Plaintiff is informed and believes and on that basis alleges that, by their tortious acts, Defendants have caused, and unless restrained by the Court, will continue to cause serious and irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiff's registered mark.

23. Defendants' wrongful conduct as herein alleged was done intentionally

and was malicious, oppressive and fraudulent in nature.  Said Defendants engaged in the above-described wrongful conduct with the intent to cause injury to Plaintiff, and with a conscious disregard of the rights of Plaintiff, subjecting Plaintiff to cruel and unjust hardship, all with the intention of depriving Plaintiff of property and legal rights, and with the intention of causing Plaintiff injury, such as to constitute malice, oppression and fraud.  Said Defendants acted with an evil and fraudulent motive and with the intent to vex, injure or annoy Plaintiff.  The actions of said Defendants were reprehensible, despicable, fraudulent and in blatant violation of law.  Said Defendants furthermore acted with extreme indifference to Plaintiff's rights.  Plaintiff is therefore entitled to recover punitive and exemplary damages from said Defendants, and each of them.  Plaintiff has no adequate remedy at law.

## CLAIM 2

(Against All Defendants for False Designation of Origin and False Advertising Under Section 43(a) of the Lanham Act)

24. Plaintiff incorporates herein by this reference each of the allegations contained in paragraphs 1 through 23 hereinabove as though fully restated at this point.

25. This Claim arises under §43(a) of The Lanham Act (15 U.S.C. §1125(a)).

26. The use and threatened use of the name and mark "Rhodes" and confusingly similar variations and imitations thereof by Defendants, as alleged hereinabove, is a false designation of origin as to goods made available by Defendants and a false and misleading representation in violation of §43(a) of The Lanham Act (15 U.S.C. §1125(a)).

27. Defendants, and each of them, in connection with goods and services, have used in interstate commerce a word, term, name, symbol or device, or a combination thereof, or a false designation of origin, false or misleading

STRECKER LAW
OFFICES

description of fact, or false or misleading representation of fact, which, in commercial advertising or promotion, misrepresents the nature, characteristics, or qualities of Defendants' goods, services or commercial activities. This use is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiff. This use by Defendants, and each of them, has a tendency to deceive a substantial portion of the intended audience. Furthermore, this use by Defendants, and each of them, has resulted and continues to result in actual deception of a substantial portion of the intended audience, including without limitation customers and prospective customers of Plaintiff. Said deception is material in that it influences purchasing decisions. This use by Defendants, and each of them, is likely to cause, and has caused Plaintiff to incur damage in an amount which cannot presently be precisely ascertained, but that is believed to be in the millions of dollars and is in any event above the minimum jurisdictional limit of this Court.

28. Plaintiff has no control over the nature and quality of the products produced, distributed and/or sold by Defendants, and each of them. Any failure, neglect or default by Defendants in providing such products will reflect adversely on Plaintiff as the believed source of origin thereof, hampering efforts by Plaintiff to continue to protect the outstanding reputation of high quality products originating from Plaintiff or Plaintiff's predecessors in interest or Plaintiff's licensees, or the licensees of Plaintiff's predecessors in interest, and resulting in loss of sales and profits, all to the irreparable harm of Plaintiff.

29. Plaintiff is informed and believes and on that basis alleges that Defendants, by their above enumerated acts, have willfully and knowingly violated and infringed and threaten to further infringe the rights of Plaintiff in the federally registered mark "Rhodes," in violation of §43(a) of the Lanham

- 11 -

1   Act (15 U.S.C. §1125(a)) with the intention of deceiving and misleading those

2   in the music business and the public at large, and of wrongfully trading on the

3   goodwill and reputation of Plaintiff.  The actions of Defendants, and each of

4   them, as alleged herein, have been willful, intentional, deliberate, malicious,

5   fraudulent and designed specifically to trade upon the goodwill associated with

6   Plaintiff's trademark.  Plaintiff's goodwill in this trademark is of enormous

7   value, and Plaintiff will suffer irreparable harm if Defendants' infringement is

8   allowed to continue, to the detriment of Plaintiff's trade reputation and

9   goodwill.

10   30.  Plaintiff is informed and believes and on that basis alleges that, by their

11   tortious acts, Defendants have caused, and unless restrained by the Court, will

12   continue to cause serious and irreparable injury and damage to Plaintiff and to

13   the goodwill associated with Plaintiff's registered marks.

14   31.  Plaintiff is informed and believes and on that basis alleges that as a

15   direct and proximate result of Defendants' actions alleged hereinabove,

16   Defendants have derived profits in the millions of dollars.  Plaintiff is entitled to

17   recover up to three times these profits, pursuant to 15 U.S.C. §1125(a), 15

18   U.S.C. §1117(a) and (b), and other applicable law.

19   32.  Plaintiff is informed and believes and on that basis alleges that as a

20   direct and proximate result of Defendants' actions alleged hereinabove, Plaintiff

21   has sustained damages in an amount which cannot presently be precisely

22   ascertained, but that is believed to be in the millions of dollars and is in any

23   event above the minimum jurisdictional limit of this Court.  Plaintiff is entitled

24   to recover up to three times these damages, pursuant to 15 U.S.C. §1125(a), 15

25   U.S.C. §1117(a) and (b), and other applicable law.

26   33.  Defendants' wrongful conduct as herein alleged was done intentionally

27   and was malicious, oppressive and fraudulent in nature.  Said Defendants

28   engaged in the above-described wrongful conduct with the intent to cause injury

STRECKER LAW
OFFICES

to Plaintiff, and with a conscious disregard of the rights of Plaintiff, subjecting Plaintiff to cruel and unjust hardship, all with the intention of depriving Plaintiff of property and legal rights, and with the intention of causing Plaintiff injury, such as to constitute malice, oppression and fraud.  Said Defendants acted with an evil and fraudulent motive and with the intent to vex, injure or annoy Plaintiff.  The actions of said Defendants were reprehensible, despicable, fraudulent and in blatant violation of law.  Said Defendants furthermore acted with extreme indifference to Plaintiff's rights.  Plaintiff is therefore entitled to recover punitive and exemplary damages from said Defendants, and each of them. Plaintiff has no adequate remedy at law.

### CLAIM 3

(Against All Defendants for  Unfair Competition in violation of Section 43 of the Lanham Act)

34. Plaintiff incorporates herein by this reference each of the allegations contained in paragraphs 1 through 33 hereinabove as though fully restated at this point.

35. This Claim arises under §43 of The Lanham Act (15 U.S.C. §1125).

36. In the alternative, Plaintiff is informed and believes and based thereon alleges that the public associates the term 'Rhodes" with musical instruments and related musical hardware or software products produced or licensed by Plaintiff and Plaintiff's predecessors in interest, and the current use of that term and/or confusingly similar terms by Defendants, and each of them, is likely to cause, and does cause, the public to believe that Plaintiff or Plaintiff's licensees are the source of Defendants' products, or that Plaintiff or Plaintiff's licensees have somehow endorsed or sponsored Defendants' products.  Consequently, Defendants, and each of them, have violated Section 43 of the Lanham Act by committing the unfair competition of "passing off" their products as genuine, when in fact they are unauthorized imitations.

STRECKER LAW
OFFICES

37. Plaintiff is informed and believes and on that basis alleges that, by their tortious acts, Defendants have caused, and unless restrained by the Court, will continue to cause serious and irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiff's registered marks.

38. Plaintiff is informed and believes and on that basis alleges that as a direct and proximate result of Defendants' actions alleged hereinabove, Defendants have derived profits in the millions of dollars.  Plaintiff is entitled to recover up to three times these profits, pursuant to 15 U.S.C. §1125(a), 15 U.S.C. §1117(a) and (b), and other applicable law.

39. Plaintiff is informed and believes and on that basis alleges that as a direct and proximate result of Defendants' actions alleged hereinabove, Plaintiff has sustained damages in an amount which cannot presently be precisely ascertained, but that is believed to be in the millions of dollars and is in any event above the minimum jurisdictional limit of this Court.  Plaintiff is entitled to recover up to three times these damages, pursuant to 15 U.S.C. §1125(a), 15 U.S.C. §1117(a) and (b), and other applicable law.

40. Defendants' wrongful conduct as herein alleged was done intentionally and was malicious, oppressive and fraudulent in nature.  Said Defendants engaged in the above-described wrongful conduct with the intent to cause injury to Plaintiff, and with a conscious disregard of the rights of Plaintiff, subjecting Plaintiff to cruel and unjust hardship, all with the intention of depriving Plaintiff of property and legal rights, and with the intention of causing Plaintiff injury, such as to constitute malice, oppression and fraud.  Said Defendants acted with an evil and fraudulent motive and with the intent to vex, injure or annoy Plaintiff.  The actions of said Defendants were reprehensible, despicable, fraudulent and in blatant violation of law.  Said Defendants furthermore acted with extreme indifference to Plaintiff's rights.  Plaintiff is therefore entitled to recover punitive and exemplary damages from said Defendants, and each of

- 14 -

them. Plaintiff has no adequate remedy at law.

## CLAIM 4

(Against all Defendants for Dilution in violation of

Section 43 of the Lanham Act)

41. Plaintiff incorporates herein by this reference each of the allegations contained in paragraphs 1 through 33 hereinabove as though fully restated at this point.

42. This Claim arises under §43(c), et seq. of The Lanham Act (15 U.S.C. §1125(c)).

43. The Rhodes mark, owned by Plaintiff, is famous and distinctive.

44. Defendants, and each of them, are making commercial use in interstate commerce of marks or trade names identical to or confusing similar to the Rhodes mark.

45. Defendants' use began after the Rhodes mark became famous.

46. Defendants' use is likely to cause, and does cause actual dilution by blurring or tarnishment of the Rhodes mark, lessening the capacity of the Rhodes mark to identify and distinguish goods or services.

47. Plaintiff is informed and believes and on that basis alleges that, by their tortious acts, Defendants have caused, and unless restrained by the Court, will continue to cause serious and irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiff's registered mark.

48. Plaintiff is informed and believes and on that basis alleges that as a direct and proximate result of Defendants' actions alleged hereinabove, Defendants have derived profits in the millions of dollars.  Plaintiff is entitled to recover up to three times these profits, pursuant to 15 U.S.C. §1125(a), 15 U.S.C. §1117(a) and (b), and other applicable law.

49. Plaintiff is informed and believes and on that basis alleges that as a direct and proximate result of Defendants' actions alleged hereinabove, Plaintiff

STRECKER LAW
OFFICES

COMPLAINT

has sustained damages in an amount which cannot presently be precisely ascertained, but that is believed to be in the millions of dollars and is in any event above the minimum jurisdictional limit of this Court.  Plaintiff is entitled to recover up to three times these damages, pursuant to 15 U.S.C. §1125(a), 15 U.S.C. §1117(a) and (b), and other applicable law.

50. Defendants' actions in diluting the Rhodes mark have been willful. Defendants willfully intended to trade on the recognition of the Rhodes mark. Defendants' wrongful conduct as herein alleged was done intentionally and was malicious, oppressive and fraudulent in nature.  Said Defendants engaged in the above-described wrongful conduct with the intent to cause injury to Plaintiff, and with a conscious disregard of the rights of Plaintiff, subjecting Plaintiff to cruel and unjust hardship, all with the intention of depriving Plaintiff of property and legal rights, and with the intention of causing Plaintiff injury, such as to constitute malice, oppression and fraud.  Said Defendants acted with an evil and fraudulent motive and with the intent to vex, injure or annoy Plaintiff.  The actions of said Defendants were reprehensible, despicable, fraudulent and in blatant violation of law.  Said Defendants furthermore acted with extreme indifference to Plaintiff's rights.  Plaintiff is therefore entitled to recover punitive and exemplary damages from said Defendants, and each of them. Plaintiff has no adequate remedy at law.

## **CLAIM 5**

(Against all Defendants for Common Law Trademark Infringement Under California Law)

51. Plaintiff incorporates herein by this reference each of the allegations contained in paragraphs 1 through 33 and 42 through 50 hereinabove as though fully restated at this point.

52. This Claim arises under the common law of trademarks of the State of California.

- 16 -

53. This Court has jurisdiction over this action under 28 U.S.C. 1332, as there is diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  This Court also has supplemental jurisdiction over this Claim pursuant to 28 U.S.C. 1367 because the claims arising under federal law and state law are factually interdependent and transactionally related.  Venue is proper in this District under 28 U.S.C. 1391.

54. In addition to the federal registrations owned by Plaintiff as set forth hereinabove, Plaintiff has common law rights in the Rhodes mark, in that Plaintiff owns and uses the Rhodes mark and has licensed the Rhodes mark to others to use, and those licensees use the Rhodes mark in the production, marketing and sale of musical instruments and sample software products. Plaintiff owns and enjoys common law rights in California and throughout the United States and many other countries in the Rhodes mark, which rights are superior to any rights which Defendants may claim in and to said trademark in any form or style.

55. Defendants' use of the trademark "Rhodes" and confusingly similar variants and imitations thereof, as alleged hereinabove, constitute an infringement of Plaintiff's common law trade name and trademark rights in the name and mark "Rhodes."  Such infringement has caused and unless enjoined will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

56. Defendants' wrongful conduct as herein alleged was done intentionally and was malicious, oppressive and fraudulent in nature.  Said Defendants engaged in the above-described wrongful conduct with the intent to cause injury to Plaintiff, and with a conscious disregard of the rights of Plaintiff, subjecting Plaintiff to cruel and unjust hardship, all with the intention of depriving Plaintiff of property and legal rights, and with the intention of causing Plaintiff injury, such as to constitute malice, oppression and fraud.  Said Defendants acted with

STRECKER LAW
OFFICES

an evil and fraudulent motive and with the intent to vex, injure or annoy Plaintiff.  The actions of said Defendants were reprehensible, despicable, fraudulent and in blatant violation of law.  Said Defendants furthermore acted with extreme indifference to Plaintiff's rights.  Plaintiff is therefore entitled to recover punitive and exemplary damages from said Defendants, and each of them.  Plaintiff has no adequate remedy at law.

## CLAIM 6

(Against all Defendants for Violation of

California Business and Professions Code §14245, §14247 and §14250)

57. Plaintiff incorporates herein by this reference each of the allegations contained in paragraphs 1 through 33, 42 through 50 and 52 through 56 hereinabove as though fully restated at this point.

58. This Claim arises under the law of the State of California, particularly California Business and Professions Code §14245, §14247 and §14250.

59. This Court has jurisdiction over this action under 28 U.S.C. 1332, as there is diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  This Court also has supplemental jurisdiction over this Claim pursuant to 28 U.S.C. 1367 because the claims arising under federal law and state law are factually interdependent and transactionally related.  Venue is proper in this District under 28 U.S.C. 1391.

60. The Rhodes mark is famous and distinctive.

61. Defendants, and each of them, have made commercial use of the Rhodes mark after it became famous.  Defendants, and each of them, without consent of Plaintiff, have used reproductions, counterfeits, copies and/or colorable imitations of the Rhodes mark in connection with the sale, distribution, offering for sale, and/or advertising of goods and/or services on or in connection with which the use by Defendants is likely to cause confusion or mistake, or to

deceive as to the source or origin of such goods and services.

62. Plaintiff is informed and believes and on that basis alleges that Defendants, and each of them, have reproduced, counterfeited, copied, or colorably imitated the Rhodes mark and applied the reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used upon or in connection with the sale or other distribution in California of goods or services.  Defendants, and each of them, have committed these acts with the intent to cause confusion or mistake, or to deceive purchasers and prospective purchasers.

63. Defendants, and each of them, have knowingly facilitated, enabled, or otherwise assisted persons to manufacture, use, distribute, display, or sell goods or services bearing  reproductions, counterfeits, copies, or colorable imitations of the Rhodes mark, without the consent of Plaintiff.

64. Defendants' use is likely to cause dilution of the mark.  Furthermore, Plaintiff is informed and believes and on that basis alleges that Defendants, and each of them, willfully intended to cause dilution of the Rhodes mark.

65. Plaintiff is informed and believes and on that basis alleges that as a direct and proximate result of Defendants' actions alleged hereinabove, Defendants have derived profits in the millions of dollars.  Plaintiff is entitled to recover up to three times these profits, pursuant to California Business and Professions Code §14245, §14247 and §14250.

66. Plaintiff is informed and believes and on that basis alleges that as a direct and proximate result of Defendants' actions alleged hereinabove, Plaintiff has sustained damages in an amount which cannot presently be precisely ascertained, but that is believed to be in the millions of dollars and is in any event above the minimum jurisdictional limit of this Court.  Plaintiff is entitled to recover up to three times these damages, pursuant to California Business and Professions Code §14245, §14247 and §14250, and other applicable law.

STRECKER LAW
OFFICES

67. Plaintiff has no adequate remedy at law.

## CLAIM 7

(Against all Defendants for violation of

California Business and Professions Code §17200, *et seq.*)

68. Plaintiff incorporates herein by this reference each of the allegations contained in paragraphs 1 through 33, 42 through 50, 52 through 56 and 58 through 67 hereinabove as though fully restated at this point.

69. This Court has jurisdiction over this action under 28 U.S.C. 1332, as there is diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. This Court also has supplemental jurisdiction over this Claim pursuant to 28 U.S.C. 1367 because the claims arising under federal law and state law are factually interdependent and transactionally related. Venue is proper in this District under 28 U.S.C. 1391.

70. The actions of Defendants, and each of them, alleged hereinabove, constitute unfair and unlawful competition and conduct in violation of California Business and Professions Code §17200, *et seq.*

71. Said unfair and unlawful competition and conduct threatens to and will cause great and irreparable injury to Plaintiff. These injuries cannot be adequately compensated by money damages.

72. The exact amount of damages that have been and will be sustained by Plaintiff as a result thereof cannot readily be ascertained or calculated. Plaintiff has no adequate remedy at law for such acts and threatened acts. Accordingly, Plaintiff is entitled to permanent injunctive relief as prayed for herein. In addition, Plaintiff is entitled to disgorgement by Defendants of all wrongfully obtained money, property and profits acquired by Defendants, as well as restitution to Plaintiff of all money and property in which Plaintiff has an ownership interest of which Defendants deprived them.

STRECKER LAW
OFFICES

73. Plaintiff has retained attorneys duly licensed to practice law in this Court to pursue this action. Plaintiff is also entitled to recover Plaintiff's attorneys' fees incurred in pursuing this action.

## CLAIM 8

(Against all Defendants for Intentional Interference With Prospective Economic Advantage Under California Law)

74. Plaintiff incorporates herein by this reference each of the allegations contained in paragraphs 1 through 33, 42 through 50, 52 through 56, 58 through 67 and 69 through 73 hereinabove as though fully restated at this point.

75. This Court has jurisdiction over this action under 28 U.S.C. 1332, as there is diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. This Court also has supplemental jurisdiction over this Claim pursuant to 28 U.S.C. 1367 because the claims arising under federal law and state law are factually interdependent and transactionally related. Venue is proper in this District under 28 U.S.C. 1391.

76. Prior to the interference by Defendants, and each of them, Plaintiff and Plaintiff's licensees had the exclusive right to market and sell to the general public, musicians and others in the music industry (1) musical instruments; (2) electronic pianos; and (3) computer software for processing digital music files, sound cards in the nature of pre-recorded computer software for generating sounds, and computer software for generating sounds. Plaintiff, either directly or indirectly through Plaintiff's licensees, had viable prospects to sell products featuring the Rhodes trademark to the general public, musicians and others in the music industry. Plaintiff economically benefited from this relationship.

77. Defendants, and each of them, were aware of this economic relationship.

78. Defendants, and each of them, conspired to and did intentionally

- 21 -

disrupt the relationship between Plaintiff and the general public, musicians and others in the music industry by engaging in the unlawful, fraudulent and unfair actions alleged hereinabove, with the intent to harm Plaintiff financially.

79.   As a direct and proximate result of the actions of Defendants, and each of them, Plaintiff has been damaged in an amount that is presently not capable of being precisely determined, but is subject to proof at trial.

80. Defendants' wrongful conduct as herein alleged was done intentionally and was malicious, oppressive and fraudulent in nature.  Said Defendants engaged in the above-described wrongful conduct with the intent to cause injury to Plaintiff, and with a conscious disregard of the rights of Plaintiff, subjecting Plaintiff to cruel and unjust hardship, all with the intention of depriving Plaintiff of property and legal rights, and with the intention of causing Plaintiff injury, such as to constitute malice, oppression and fraud.  Said Defendants acted with an evil and fraudulent motive and with the intent to vex, injure or annoy Plaintiff.  The actions of said Defendants were reprehensible, despicable, fraudulent and in blatant violation of law.  Said Defendants furthermore acted with extreme indifference to Plaintiff's right.  Plaintiff is therefore entitled to recover punitive and exemplary damages from said Defendants, and each of them.

## CLAIM 9

(Against all Defendants for Infringement of the Right of Publicity Under California Civil Code §3344)

81.  Plaintiff incorporates herein by this reference each of the allegations contained in paragraphs 1 through 33, 42 through 50, 52 through 56, 58 through 67, 69 through 73 and 75 through 80 hereinabove as though fully restated at this point.

82. This Court has jurisdiction over this action under 28 U.S.C. 1332, as there is diversity of citizenship between the parties, and the amount in

controversy exceeds the sum of $75,000, exclusive of interest and costs.  This Court also has supplemental jurisdiction over this Claim pursuant to 28 U.S.C. 1367 because the claims arising under federal law and state law are factually interdependent and transactionally related.  Venue is proper in this District under 28 U.S.C. 1391.

83. "Rhodes" is not only a federally registered trademark, but it is also the name of Harold B. Rhodes, and it is commonly known in the music industry to refer to Harold B. Rhodes.  Plaintiff has at all times mentioned herein owned all rights of publicity in the name of Harold B. Rhodes, including statutory rights of publicity under California Civil Code §§3344 and 3344.1 and common law rights of publicity.

84. Defendants, and each of them, knowingly used the name "Rhodes" and confusingly similar variants for purposes of advertising, selling and soliciting purchases of their products, merchandise, goods and services, without the consent of Plaintiff.  There was a direct connection between the use by Defendants, and each of them, of the name "Rhodes" and Defendants' commercial purpose.

85. As a direct and proximate result of Defendants' use of the name of Harold B. Rhodes, Plaintiff suffered damages in an amount to be determined at trial but in excess of the minimum jurisdiction of this Court.  Harold B. Rhodes' name is associated with an analog sound/instrument, and the right of publicity in that name is damaged by the use of that name to identify inferior digital products with lack of quality control.

86. Defendants' actions in infringing Plaintiff's statutory rights of publicity in the name of Harold B. Rhodes under California Civil Code §3344 have been willful.  Defendants willfully intended to trade on the recognition of the Rhodes name.  Defendants' wrongful conduct as herein alleged was done intentionally and was malicious, oppressive and fraudulent in nature.  Said Defendants

STRECKER LAW
OFFICES

engaged in the above-described wrongful conduct with the intent to cause injury to Plaintiff, and with a conscious disregard of the rights of Plaintiff, subjecting Plaintiff to cruel and unjust hardship, all with the intention of depriving Plaintiff of property and legal rights, and with the intention of causing Plaintiff injury, such as to constitute malice, oppression and fraud.  Said Defendants acted with an evil and fraudulent motive and with the intent to vex, injure or annoy Plaintiff.  The actions of said Defendants were reprehensible, despicable, fraudulent and in blatant violation of law.  Said Defendants furthermore acted with extreme indifference to Plaintiff's rights.  Plaintiff is therefore entitled to recover punitive and exemplary damages from said Defendants, and each of them. Plaintiff has no adequate remedy at law.

## CLAIM 10

(Against all Defendants for Infringement of the Right of Publicity Under California Civil Code §3344.1)

87. Plaintiff incorporates herein by this reference each of the allegations contained in paragraphs 1 through 33, 42 through 50, 52 through 56, 58 through 67, 69 through 73 and 75 through 80 hereinabove as though fully restated at this point.

88. This Court has jurisdiction over this action under 28 U.S.C. 1332, as there is diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  This Court also has supplemental jurisdiction over this Claim pursuant to 28 U.S.C. 1367 because the claims arising under federal law and state law are factually interdependent and transactionally related.  Venue is proper in this District under 28 U.S.C. 1391.

89. "Rhodes" is not only a federally registered trademark, but it is also the name of Harold B. Rhodes, and it is commonly known in the music industry to refer to Harold B. Rhodes, who is a deceased personality.  Plaintiff has at all

STRECKER LAW
OFFICES

times mentioned herein owned all rights of publicity in the name of Harold B. Rhodes, including statutory rights of publicity under California Civil Code §§3344 and 3344.1 and common law rights of publicity.

90. Defendants, and each of them, knowingly used the name "Rhodes" and confusingly similar variants for purposes of advertising, selling and soliciting purchases of their products, merchandise, goods and services, without the consent of Plaintiff. There was a direct connection between the use by Defendants, and each of them, of the name "Rhodes" and Defendants' commercial purpose.

91. As a direct and proximate result of Defendants' use of the name of Harold B. Rhodes, Plaintiff suffered damages in an amount to be determined at trial but in excess of the minimum jurisdiction of this Court. Harold B. Rhodes' name is associated with an analog sound/instrument, and the right of publicity in that name is damaged by the use of that name to identify inferior digital reproduction.

92. Defendants' actions in infringing Plaintiff's statutory rights of publicity in the name of Harold B. Rhodes under California Civil Code §3344.1 have been willful. Defendants willfully intended to trade on the recognition of the Rhodes name. Defendants' wrongful conduct as herein alleged was done intentionally and was malicious, oppressive and fraudulent in nature. Said Defendants engaged in the above-described wrongful conduct with the intent to cause injury to Plaintiff, and with a conscious disregard of the rights of Plaintiff, subjecting Plaintiff to cruel and unjust hardship, all with the intention of depriving Plaintiff of property and legal rights, and with the intention of causing Plaintiff injury, such as to constitute malice, oppression and fraud. Said Defendants acted with an evil and fraudulent motive and with the intent to vex, injure or annoy Plaintiff. The actions of said Defendants were reprehensible, despicable, fraudulent and in blatant violation of law. Said Defendants

furthermore acted with extreme indifference to Plaintiff's rights.  Plaintiff is therefore entitled to recover punitive and exemplary damages from said Defendants, and each of them. Plaintiff has no adequate remedy at law.

## CLAIM 11

(Against all Defendants for Commercial Misappropriation of Common Law Right of Publicity Under California Law)

93. Plaintiff incorporates herein by this reference each of the allegations contained in paragraphs 1 through 33, 42 through 50, 52 through 56, 58 through 67, 69 through 73, 75 through 80 and 82 through 86 hereinabove as though fully restated at this point.

94. This Court has jurisdiction over this action under 28 U.S.C. 1332, as there is diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  This Court also has supplemental jurisdiction over this Claim pursuant to 28 U.S.C. 1367 because the claims arising under federal law and state law are factually interdependent and transactionally related.  Venue is proper in this District under 28 U.S.C. 1391.

95. Defendants, and each of them, used the name and identity of Harold B. Rhodes as to which Plaintiff owned the exclusive right.  Defendants, and each of them, appropriated said name and identity to the commercial advantage of Defendants, and each of them.  Plaintiff never consented to Defendants' use of said name and identity.

96. As a direct and proximate result of Defendants' use of the name and identity of Harold B. Rhodes, Plaintiff suffered damages in an amount to be determined at trial but in excess of the minimum jurisdiction of this Court.

97. Defendants' actions in misappropriating Plaintiff's common law rights of publicity in the name and identity of Harold B. Rhodes have been willful. Defendants willfully intended to trade on the recognition of the Rhodes name

and identity.  Defendants' wrongful conduct as herein alleged was done intentionally and was malicious, oppressive and fraudulent in nature.  Said Defendants engaged in the above-described wrongful conduct with the intent to cause injury to Plaintiff, and with a conscious disregard of the rights of Plaintiff, subjecting Plaintiff to cruel and unjust hardship, all with the intention of depriving Plaintiff of property and legal rights, and with the intention of causing Plaintiff injury, such as to constitute malice, oppression and fraud.  Said Defendants acted with an evil and fraudulent motive and with the intent to vex, injure or annoy Plaintiff.  The actions of said Defendants were reprehensible, despicable, fraudulent and in blatant violation of law.  Said Defendants furthermore acted with extreme indifference to Plaintiff's rights.  Plaintiff is therefore entitled to recover punitive and exemplary damages from said Defendants, and each of them. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

### As to Claim One

1.  That Defendants, their agents, servants, employees, attorneys, representatives, successors and assigns and all persons, firms, partnerships, limited liability companies or corporations in active concert or participation with Defendants be enjoined and restrained permanently from:

(a) directly or indirectly infringing the Rhodes mark in any manner, including but not limited to engaging in services or distributing, advertising, selling or offering for sale or distribution any goods or services which infringe the Rhodes mark, and specifically:

(i) using in any way the Rhodes mark or any name or mark similar thereto, or any reproduction, counterfeit, copy or colorable imitation of the Rhodes mark, alone or in combination with other words, names, styles, titles or marks, in connection with Defendants' goods or services, or the advertisement, sale, offer for sale or distribution of any goods or services which infringe the

Rhodes mark;

(ii) applying the Rhodes mark or any name or mark similar thereto, or any reproduction, counterfeit, copy or colorable imitation of the Rhodes mark to any product, advertisement, packaging, document or thing used in connection with Defendants' goods or services;

(b) using any mark, trade name, logo or design that tends falsely to represent, or is likely to confuse, mislead, or deceive purchasers, Defendants' customers, or members of the public, that goods or services offered by Defendants originate from Plaintiff, or that said goods or services have been sponsored, approved, or licensed by or associated with Plaintiff or are in some way connected or affiliated with Plaintiff or sponsored or licensed by Plaintiff;

(c) engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers, customers or members of the public to believe that the actions of Defendants have been sponsored, approved, or licensed by or associated with Plaintiff or are in some way connected or affiliated with Plaintiff or sponsored or licensed by Plaintiff;

(d) affixing, applying, annexing or using in connection with Defendants' goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods and services as being those offered or sold by Plaintiff;

(e) holding themselves out as the owners of, or otherwise authorized to use the name and mark "Rhodes" or any similar mark in commerce;

(f) performing any actions or using any words, names, styles, titles or marks which are likely to cause confusion, to cause mistake or to deceive, or to otherwise mislead the trade or public into believing that Plaintiff and Defendants are one and the same or are in some way connected, or that Plaintiff are a sponsor of Defendants, or that Defendants are in some manner affiliated or associated with or under the supervision or control of Plaintiff, or that the

STRECKER LAW OFFICES

COMPLAINT

services of Defendants originate with Plaintiff or are conducted or offered with the approval, consent or authorization, or under the supervision of Plaintiff, or are likely in any way to lead the trade or the public to associate Defendants with Plaintiff;

(g) using any words, names, styles, titles or marks which create a likelihood of injury to the business reputation of Plaintiff, or a likelihood of dilution of Plaintiff's mark "Rhodes" and the goodwill associated therewith;

(h) otherwise competing unfairly with Plaintiff in any manner; and

(i) diluting and infringing the aforementioned trademarks and damaging Plaintiff's goodwill, reputation and business.

2. That Defendants be required to deliver for destruction to Plaintiff's counsel all copies and reproductions in Defendants' possession or under their control of any goods or promotional or advertising material, and any other unauthorized items which reproduce, copy, counterfeit, imitate, bear or use the Rhodes mark;

3.  That Defendants be required to pay to Plaintiff compensatory damages (including without limitation loss of earnings, damage to business reputation, diminishment of value of trademark, lost royalties and license fees, and costs and expenses incurred) for the injuries sustained by Plaintiff in consequence of the acts herein complained of, in the amount of $20 million or such other amount as the Court may award, and that such damages be trebled pursuant to 15 U.S.C. §1117(a) and (b), and other applicable law;

4. That Defendants, and each of them, be required to account for and to pay to Plaintiff all of Defendants' gains, profits and advantages derived by them from the activities herein complained of, and that such award of profits be trebled pursuant to 15 U.S.C. §1117(a) and (b), and other applicable law;

5. That Plaintiff recover from Defendants, and each of them, damages and/or profits calculated at the baseline rate of a reasonable royalty, and that

such amounts be trebled pursuant to 15 U.S.C. §1117(a) and (b), and other applicable law;

6. That Plaintiff recover from Defendants, and each of them, Plaintiff's costs of this action and reasonable attorneys' fees; and

7. That Plaintiff recover from Defendants, and each of them, punitive and exemplary damages in the amount of $20 million or such other amount as the Court may award.

**As to Claim Two**

1. That Defendants, their agents, servants, employees, attorneys, representatives, successors and assigns and all persons, firms, partnerships, limited liability companies or corporations in active concert or participation with Defendants be enjoined and restrained permanently from:

(a) directly or indirectly infringing the Rhodes mark in any manner, including but not limited to engaging in services or distributing, advertising, selling or offering for sale or distribution any goods or services which infringe the Rhodes mark, and specifically:

(i) using in any way the Rhodes mark or any name or mark similar thereto, or any reproduction, counterfeit, copy or colorable imitation of the Rhodes mark, alone or in combination with other words, names, styles, titles or marks, in connection with Defendants' goods or services, or the advertisement, sale, offer for sale or distribution of any goods or services which infringe the Rhodes mark;

(ii) applying the Rhodes mark or any name or mark similar thereto, or any reproduction, counterfeit, copy or colorable imitation of the Rhodes mark to any product, advertisement, packaging, document or thing used in connection with Defendants' goods or services;

(b) using any mark, trade name, logo or design that tends falsely to represent, or is likely to confuse, mislead, or deceive purchasers, Defendants'

customers, or members of the public, that goods or services offered by Defendants originate from Plaintiff, or that said goods or services have been sponsored, approved, or licensed by or associated with Plaintiff or are in some way connected or affiliated with Plaintiff or sponsored or licensed by Plaintiff;

(c) engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers, customers or members of the public to believe that the actions of Defendants have been sponsored, approved, or licensed by or associated with Plaintiff or are in some way connected or affiliated with Plaintiff or sponsored or licensed by Plaintiff;

(d) affixing, applying, annexing or using in connection with Defendants' goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods and services as being those offered or sold by Plaintiff;

(e) holding themselves out as the owners of, or otherwise authorized to use the name and mark "Rhodes" or any similar mark in commerce;

(f) performing any actions or using any words, names, styles, titles or marks which are likely to cause confusion, to cause mistake or to deceive, or to otherwise mislead the trade or public into believing that Plaintiff and Defendants are one and the same or are in some way connected, or that Plaintiff is a sponsor of Defendants, or that Defendants are in some manner affiliated or associated with or under the supervision or control of Plaintiff, or that the services of Defendants originate with Plaintiff or are conducted or offered with the approval, consent or authorization, or under the supervision of Plaintiff, or are likely in any way to lead the trade or the public to associate Defendants with Plaintiff;

(g) using any words, names, styles, titles or marks which create a likelihood of injury to the business reputation of Plaintiff, or a likelihood of dilution of Plaintiff's mark "Rhodes" and the goodwill associated therewith;

COMPLAINT

(h) otherwise competing unfairly with Plaintiff in any manner; and

(i) diluting and infringing the aforementioned trademarks and damaging Plaintiff's goodwill, reputation and business.

2. That Defendants be required to deliver for destruction to Plaintiff's counsel all copies and reproductions in Defendants' possession or under their control of any goods or promotional or advertising material, and any other unauthorized items which reproduce, copy, counterfeit, imitate, bear or use the Rhodes mark;

3. That Defendants be required to pay to Plaintiff compensatory damages (including without limitation loss of earnings, damage to business reputation, diminishment of value of trademark, lost royalties and license fees, and costs and expenses incurred) for the injuries sustained by Plaintiff in consequence of the acts herein complained of in the amount of $20 million or such other amount as the Court may award, and that such damages be trebled pursuant to 15 U.S.C. §1117(a) and (b), and other applicable law;

4. That Defendants, and each of them, be required to account for and to pay to Plaintiff all of Defendants' gains, profits and advantages derived by them from the activities herein complained of, and that such award of profits be trebled pursuant to 15 U.S.C. §1117(a) and (b), and other applicable law;

5. That Plaintiff recover from Defendants, and each of them, damages and/or profits calculated at the baseline rate of a reasonable royalty, and that such amounts be trebled pursuant to 15 U.S.C. §1117(a) and (b), and other applicable law;

6. That Plaintiff recover from Defendants, and each of them, Plaintiff's costs of this action and reasonable attorneys' fees; and

7. That Plaintiff recover from Defendants, and each of them, punitive and exemplary damages in the amount of $20 million or such other amount as the Court may award.

STRECKER LAW
OFFICES

**As to Claim Three**

1. That Defendants, their agents, servants, employees, attorneys, representatives, successors and assigns and all persons, firms, partnerships, limited liability companies or corporations in active concert or participation with Defendants be enjoined and restrained permanently from:

(a) directly or indirectly infringing the Rhodes mark in any manner, including but not limited to engaging in services or distributing, advertising, selling or offering for sale or distribution any goods or services which infringe the Rhodes mark, and specifically:

(i) using in any way the Rhodes mark or any name or mark similar thereto, or any reproduction, counterfeit, copy or colorable imitation of the Rhodes mark, alone or in combination with other words, names, styles, titles or marks, in connection with Defendants' goods or services, or the advertisement, sale, offer for sale or distribution of any goods or services which infringe the Rhodes mark;

(ii) applying the Rhodes mark or any name or mark similar thereto, or any reproduction, counterfeit, copy or colorable imitation of the Rhodes mark to any product, advertisement, packaging, document or thing used in connection with Defendants' goods or services;

(b) using any mark, trade name, logo or design that tends falsely to represent, or is likely to confuse, mislead, or deceive purchasers, Defendants' customers, or members of the public, that goods or services offered by Defendants originate from Plaintiff, or that said goods or services have been sponsored, approved, or licensed by or associated with Plaintiff or are in some way connected or affiliated with Plaintiff or sponsored or licensed by Plaintiff;

(c) engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers, customers or members of the public to believe that the actions of Defendants have been sponsored, approved, or

1  licensed by or associated with Plaintiff or are in some way connected or

2  affiliated with Plaintiff or sponsored or licensed by Plaintiff;

3  (d) affixing, applying, annexing or using in connection with Defendants'

4  goods or services, a false description or representation, including words or other

5  symbols, tending to falsely describe or represent such goods and services as

6  being those offered or sold by Plaintiff;

7  (e) holding themselves out as the owners of, or otherwise authorized to use

8  the name and mark "Rhodes" or any similar mark in commerce;

9  (f) performing any actions or using any words, names, styles, titles or marks

10  which are likely to cause confusion, to cause mistake or to deceive, or to

11  otherwise mislead the trade or public into believing that Plaintiff and

12  Defendants are one and the same or are in some way connected, or that Plaintiff

13  are a sponsor of Defendants, or that Defendants are in some manner affiliated or

14  associated with or under the supervision or control of Plaintiff, or that the

15  services of Defendants originate with Plaintiff or are conducted or offered with

16  the approval, consent or authorization, or under the supervision of Plaintiff, or

17  are likely in any way to lead the trade or the public to associate Defendants with

18  Plaintiff;

19  (g) using any words, names, styles, titles or marks which create a likelihood

20  of injury to the business reputation of Plaintiff, or a likelihood of dilution of

21  Plaintiff's mark "Rhodes" and the goodwill associated therewith;

22  (h) otherwise competing unfairly with Plaintiff in any manner; and

23  (i) diluting and infringing the aforementioned trademarks and damaging

24  Plaintiff's goodwill, reputation and business.

25  2. That Defendants be required to deliver for destruction to Plaintiff's

26  counsel all copies and reproductions in Defendants' possession or under their

27  control of any goods or promotional or advertising material, and any other

28  unauthorized items which reproduce, copy, counterfeit, imitate, bear or use the

- 34 -

STRECKER LAW OFFICES

COMPLAINT

Rhodes mark;

3.  That Defendants be required to pay to Plaintiff compensatory damages (including without limitation loss of earnings, damage to business reputation, diminishment of value of trademark, lost royalties and license fees, and costs and expenses incurred) for the injuries sustained by Plaintiff in consequence of the acts herein complained of in the amount of $20 million or such other amount as the Court may award, and that such damages be trebled pursuant to 15 U.S.C. §1117(a) and (b), and other applicable law;

4. That Defendants, and each of them, be required to account for and to pay to Plaintiff all of Defendants' gains, profits and advantages derived by them from the activities herein complained of, and that such award of profits be trebled pursuant to 15 U.S.C. §1117(a) and (b), and other applicable law;

5. That Plaintiff recover from Defendants, and each of them, damages and/or profits calculated at the baseline rate of a reasonable royalty, and that such amounts be trebled pursuant to 15 U.S.C. §1117(a) and (b), and other applicable law.

6. That Plaintiff recover from Defendants, and each of them, their costs of this action and reasonable attorneys' fees; and

7.  That Plaintiff recover from Defendants, and each of them, punitive and exemplary damages in the amount of $20 million or such other amount as the Court may award.

**As to Claim Four**

1.  That Defendants, their agents, servants, employees, attorneys, representatives, successors and assigns and all persons, firms, partnerships, limited liability companies or corporations in active concert or participation with Defendants be enjoined and restrained permanently from:

(a) directly or indirectly infringing the Rhodes mark in any manner, including but not limited to engaging in services or distributing, advertising,

STRECKER LAW
OFFICES

selling or offering for sale or distribution any goods or services which infringe the Rhodes mark, and specifically:

(i) using in any way the Rhodes mark or any name or mark similar thereto, or any reproduction, counterfeit, copy or colorable imitation of the Rhodes mark, alone or in combination with other words, names, styles, titles or marks, in connection with Defendants' goods or services, or the advertisement, sale, offer for sale or distribution of any goods or services which infringe the Rhodes mark;

(ii) applying the Rhodes mark or any name or mark similar thereto, or any reproduction, counterfeit, copy or colorable imitation of the Rhodes mark to any product, advertisement, packaging, document or thing used in connection with Defendants' goods or services;

(b) using any mark, trade name, logo or design that tends falsely to represent, or is likely to confuse, mislead, or deceive purchasers, Defendants' customers, or members of the public, that goods or services offered by Defendants originate from Plaintiff, or that said goods or services have been sponsored, approved, or licensed by or associated with Plaintiff or are in some way connected or affiliated with Plaintiff or sponsored or licensed by Plaintiff;

(c) engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers, customers or members of the public to believe that the actions of Defendants have been sponsored, approved, or licensed by or associated with Plaintiff or are in some way connected or affiliated with Plaintiff or sponsored or licensed by Plaintiff;

(d) affixing, applying, annexing or using in connection with Defendants' goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods and services as being those offered or sold by Plaintiff;

(e) holding themselves out as the owners of, or otherwise authorized to use

STRECKER LAW
OFFICES

the name and mark "Rhodes" or any similar mark in commerce;

(f) performing any actions or using any words, names, styles, titles or marks which are likely to cause confusion, to cause mistake or to deceive, or to otherwise mislead the trade or public into believing that Plaintiff and Defendants are one and the same or are in some way connected, or that Plaintiff are a sponsor of Defendants, or that Defendants are in some manner affiliated or associated with or under the supervision or control of Plaintiff, or that the services of Defendants originate with Plaintiff or are conducted or offered with the approval, consent or authorization, or under the supervision of Plaintiff, or are likely in any way to lead the trade or the public to associate Defendants with Plaintiff;

(g) using any words, names, styles, titles or marks which create a likelihood of injury to the business reputation of Plaintiff, or a likelihood of dilution of Plaintiff's mark "Rhodes" and the goodwill associated therewith;

(h) otherwise competing unfairly with Plaintiff in any manner; and

(i) diluting and infringing the aforementioned trademarks and damaging Plaintiff's goodwill, reputation and business.

2. That Defendants be required to deliver for destruction to Plaintiff's counsel all copies and reproductions in Defendants' possession or under their control of any goods or promotional or advertising material, and any other unauthorized items which reproduce, copy, counterfeit, imitate, bear or use the Rhodes mark;

3. That Defendants be required to pay to Plaintiff compensatory damages (including without limitation loss of earnings, damage to business reputation, diminishment of value of trademark, lost royalties and license fees, and costs and expenses incurred) for the injuries sustained by Plaintiff in consequence of the acts herein complained of in the amount of $20 million or such other amount as the Court may award, and that such damages be trebled pursuant to 15 U.S.C.

STRECKER LAW
OFFICES

§1117(a) and (b), and other applicable law;

4. That Defendants, and each of them, be required to account for and to pay to Plaintiff all of Defendants' gains, profits and advantages derived by them from the activities herein complained of, and that such award of profits be trebled pursuant to 15 U.S.C. §1117(a) and (b), and other applicable law;

5. That Plaintiff recover from Defendants, and each of them, damages and/or profits calculated at the baseline rate of a reasonable royalty, and that such amounts be trebled pursuant to 15 U.S.C. §1117(a) and (b), and other applicable law.

6. That Plaintiff recover from Defendants, and each of them, Plaintiff's costs of this action and reasonable attorneys' fees; and

7. That Plaintiff recovers from Defendants, and each of them, punitive and exemplary damages in the amount of $20 million or such other amount as the Court may award.

**As to Claim Five**

1. For compensatory damages (including without limitation loss of earnings, damage to business reputation, diminishment of value of trademark, lost royalties and license fees, and costs and expenses incurred) in the amount of $20 million or such other amount as the Court may award, including general and special damages;

2. For punitive and exemplary damages in the amount of $20 million or such other amount as the Court may award; and

3. For costs of this action and any attorneys' fees to which Plaintiff may be entitled.

**As to Claim Six**

1. That Defendants, their agents, servants, employees, attorneys, representatives, successors and assigns and all persons, firms, partnerships, limited liability companies or corporations in active concert or participation with

STRECKER LAW
OFFICES

COMPLAINT

Defendants be enjoined and restrained permanently from:

(a) directly or indirectly infringing the Rhodes mark in any manner, including but not limited to engaging in services or distributing, advertising, selling or offering for sale or distribution any goods or services which infringe the Rhodes mark, and specifically:

(i) using in any way the Rhodes mark or any name or mark similar thereto, or any reproduction, counterfeit, copy or colorable imitation of the Rhodes mark, alone or in combination with other words, names, styles, titles or marks, in connection with Defendants' goods or services, or the advertisement, sale, offer for sale or distribution of any goods or services which infringe the Rhodes mark;

(ii) applying the Rhodes mark or any name or mark similar thereto, or any reproduction, counterfeit, copy or colorable imitation of the Rhodes mark to any product, advertisement, packaging, document or thing used in connection with Defendants' goods or services;

(b) using any mark, trade name, logo or design that tends falsely to represent, or is likely to confuse, mislead, or deceive purchasers, Defendants' customers, or members of the public, that goods or services offered by Defendants originate from Plaintiff, or that said goods or services have been sponsored, approved, or licensed by or associated with Plaintiff or are in some way connected or affiliated with Plaintiff or sponsored or licensed by Plaintiff;

(c) engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers, customers or members of the public to believe that the actions of Defendants have been sponsored, approved, or licensed by or associated with Plaintiff or are in some way connected or affiliated with Plaintiff or sponsored or licensed by Plaintiff;

(d) affixing, applying, annexing or using in connection with Defendants' goods or services, a false description or representation, including words or other

symbols, tending to falsely describe or represent such goods and services as being those offered or sold by Plaintiff;

(e) holding themselves out as the owners of, or otherwise authorized to use the name and mark "Rhodes" or any similar mark in commerce;

(f) performing any actions or using any words, names, styles, titles or marks which are likely to cause confusion, to cause mistake or to deceive, or to otherwise mislead the trade or public into believing that Plaintiff and Defendants are one and the same or are in some way connected, or that Plaintiff are a sponsor of Defendants, or that Defendants are in some manner affiliated or associated with or under the supervision or control of Plaintiff, or that the services of Defendants originate with Plaintiff or are conducted or offered with the approval, consent or authorization, or under the supervision of Plaintiff, or are likely in any way to lead the trade or the public to associate Defendants with Plaintiff;

(g) using any words, names, styles, titles or marks which create a likelihood of injury to the business reputation of Plaintiff, or a likelihood of dilution of Plaintiff's mark "Rhodes" and the goodwill associated therewith;

(h) otherwise competing unfairly with Plaintiff in any manner; and

(i) diluting and infringing the aforementioned trademarks and damaging Plaintiff's goodwill, reputation and business.

2. That Defendants be required to deliver for destruction to Plaintiff's counsel all copies and reproductions in Defendants' possession or under their control of any goods or promotional or advertising material, and any other unauthorized items which reproduce, copy, counterfeit, imitate, bear or use the Rhodes mark;

3. That Defendants be required to pay to Plaintiff compensatory damages (including without limitation loss of earnings, damage to business reputation, diminishment of value of trademark, lost royalties and license fees, and costs

STRECKER LAW
OFFICES

and expenses incurred) for the injuries sustained by Plaintiff in consequence of the acts herein complained of in the amount of $20 million or such other amount as the Court may award, and that such damages be trebled pursuant to California Business and Professions Code §14245, §14247 and §14250, and other applicable law;

4. That Defendants, and each of them, be required to account for and to pay to Plaintiff all of Defendants' gains, profits and advantages derived by them from the activities herein complained of, and that such award of profits be trebled pursuant to California Business and Professions Code §14245, §14247 and §14250, and other applicable law;

5. That Plaintiff recover from Defendants, and each of them, damages and/or profits calculated at the baseline rate of a reasonable royalty, and that such amounts be trebled pursuant to California Business and Professions Code §14245, §14247 and §14250, and other applicable law.

6. That Plaintiff recover from Defendants, and each of them, their costs of this action and reasonable attorneys' fees; and

7. That Plaintiff recover from Defendants, and each of them, punitive and exemplary damages in the amount of $20 million or such other amount as the Court may award.

**As to Claim Seven**

1. That Defendants, their agents, servants, employees, attorneys, representatives, successors and assigns and all persons, firms, partnerships, limited liability companies or corporations in active concert or participation with Defendants be enjoined and restrained permanently from:

(a) directly or indirectly infringing the Rhodes mark in any manner, including but not limited to engaging in services or distributing, advertising, selling or offering for sale or distribution any goods or services which infringe the Rhodes mark, and specifically:

1    (i) using in any way the Rhodes mark or any name or mark similar

2    thereto, or any reproduction, counterfeit, copy or colorable imitation of the

3    Rhodes mark, alone or in combination with other words, names, styles, titles or

4    marks, in connection with Defendants' goods or services, or the advertisement,

5    sale, offer for sale or distribution of any goods or services which infringe the

6    Rhodes mark;

7    (ii) applying the Rhodes mark or any name or mark similar thereto, or

8    any reproduction, counterfeit, copy or colorable imitation of the Rhodes mark to

9    any product, advertisement, packaging, document or thing used in connection

10   with Defendants' goods or services;

11   (b) using any mark, trade name, logo or design that tends falsely to

12   represent, or is likely to confuse, mislead, or deceive purchasers, Defendants'

13   customers, or members of the public, that goods or services offered by

14   Defendants originate from Plaintiff, or that said goods or services have been

15   sponsored, approved, or licensed by or associated with Plaintiff or are in some

16   way connected or affiliated with Plaintiff or sponsored or licensed by Plaintiff;

17   (c) engaging in any conduct that tends falsely to represent that, or is likely

18   to confuse, mislead, or deceive purchasers, customers or members of the public

19   to believe that the actions of Defendants have been sponsored, approved, or

20   licensed by or associated with Plaintiff or are in some way connected or

21   affiliated with Plaintiff or sponsored or licensed by Plaintiff;

22   (d) affixing, applying, annexing or using in connection with Defendants'

23   goods or services, a false description or representation, including words or other

24   symbols, tending to falsely describe or represent such goods and services as

25   being those offered or sold by Plaintiff;

26   (e) holding themselves out as the owners of, or otherwise authorized to use

27   the name and mark "Rhodes" or any similar mark in commerce;

28   (f) performing any actions or using any words, names, styles, titles or marks

STRECKER LAW
OFFICES

which are likely to cause confusion, to cause mistake or to deceive, or to otherwise mislead the trade or public into believing that Plaintiff and Defendants are one and the same or are in some way connected, or that Plaintiff are a sponsor of Defendants, or that Defendants are in some manner affiliated or associated with or under the supervision or control of Plaintiff, or that the services of Defendants originate with Plaintiff or are conducted or offered with the approval, consent or authorization, or under the supervision of Plaintiff, or are likely in any way to lead the trade or the public to associate Defendants with Plaintiff;

(g) using any words, names, styles, titles or marks which create a likelihood of injury to the business reputation of Plaintiff, or a likelihood of dilution of Plaintiff's mark "Rhodes" and the goodwill associated therewith;

(h) otherwise competing unfairly with Plaintiff in any manner; and

(i) diluting and infringing the aforementioned trademarks and damaging Plaintiff's goodwill, reputation and business.

2. That Defendants be required to deliver for destruction to Plaintiff's counsel all copies and reproductions in Defendants' possession or under their control of any goods or promotional or advertising material, and any other unauthorized items which reproduce, copy, counterfeit, imitate, bear or use the Rhodes mark;

3. That Defendants be required to disgorge to Plaintiff all wrongfully obtained money, property and profits acquired by Defendants, as well as to provide full restitution to Plaintiff of all money and property in which Plaintiff have an ownership interest of which Defendants deprived them; and

4. That Plaintiff recover from Defendants, and each of them, their costs of this action and reasonable attorneys' fees.

**As to Claim Eight**

1.  For compensatory damages (including without limitation loss of earnings, damage to business reputation, diminishment of value of trademark, lost royalties and license fees, and costs and expenses incurred) in the amount of $20 million or such other amount as the Court may award, including general and special damages;

2.  For punitive and exemplary damages in the amount of $20 million or such other amount as the Court may award; and

3.  For costs of this action and any attorneys' fees to which Plaintiff may be entitled.

**As to Claim Nine**

1.  For compensatory damages (including without limitation loss of earnings, damage to business reputation, diminishment of value of right of publicity, lost royalties and license fees, injury to peace, happiness, and feelings of Plaintiff, as well as injury to goodwill, professional standing, and future publicity value. and costs and expenses incurred) in the amount of $20 million or such other amount as the Court may award, including general and special damages;

2.  For statutory damages in the amount of the greater of seven hundred fifty dollars ($750) or the actual damages suffered by Plaintiff as a result of the unauthorized use of the name of Harold B. Rhodes by Defendants;

3.  For any profits from the unauthorized use that are attributable to the use and are not taken into account in computing the actual damages;

4.  For punitive and exemplary damages in the amount of $20 million or such other amount as the Court may award; and

3.  For costs of this action and any attorneys' fees to which Plaintiff may be entitled under California Civil Code §3344 or other law.

STRECKER LAW
OFFICES

COMPLAINT

**As to Claim Ten**

1.    For compensatory damages (including without limitation loss of earnings, damage to business reputation, diminishment of value of right of publicity, lost royalties and license fees, injury to peace, happiness, and feelings of Plaintiff, as well as injury to goodwill, professional standing, and future publicity value. and costs and expenses incurred) in the amount of $20 million or such other amount as the Court may award, including general and special damages;

2.    For statutory damages in the amount of the greater of seven hundred fifty dollars ($750) or the actual damages suffered by Plaintiff as a result of the unauthorized use of the name of Harold B. Rhodes by Defendants;

3.    For any profits from the unauthorized use that are attributable to the use and are not taken into account in computing the actual damages;

4.    For punitive and exemplary damages in the amount of $20 million or such other amount as the Court may award; and

3.  For costs of this action and any attorneys' fees to which Plaintiff may be entitled under California Civil Code §3344.1 or other law.

**As to Claim Eleven**

1.    For compensatory damages (including without limitation loss of earnings, damage to business reputation, diminishment of value of right of publicity, lost royalties and license fees, injury to peace, happiness, and feelings of Plaintiff, as well as injury to goodwill, professional standing, and future publicity value. and costs and expenses incurred) in the amount of $20 million or such other amount as the Court may award, including general and special damages;

2.    For any profits from the unauthorized use that are attributable to the use and are not taken into account in computing the actual damages;

STRECKER LAW
OFFICES

COMPLAINT

1    3.    For punitive and exemplary damages in the amount of $20 million or

2    such other amount as the Court may award; and

3    3.  For costs of this action and any attorneys' fees to which Plaintiff may be

4    entitled.

5    **<u>As to All Causes of Action</u>**

6    1.  For interest, including without limitation prejudgment interest, as

7    provided by law; and

8    2.  For such other and further relief as the Court may deem just and proper.

9    Dated:  January 3, 2019                    STRECKER LAW OFFICES

10

11                                        By:    /Marc S. Strecker/
                                                _____
12                                              Marc S. Strecker, Esq.
                                                marc.strecker@sbcglobal.net
13                                              STRECKER LAW OFFICES
                                                2600 Michelson Drive, Suite 1700
14                                              Irvine, California  92612
                                                Telephone:  (949) 852-3600
15                                              Facsimile:  (949) 861-9696
                                                Attorneys for Plaintiff JOSEPH A.
16                                              BRANDSTETTER

17

18

19

20

21

22

23

24

25

26

27

28

STRECKER LAW
OFFICES

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEMAND FOR JURY TRIAL**

Plaintiff JOSEPH A. BRANDSTETTER hereby demands trial by jury.

Dated:  January 3, 2019                     STRECKER LAW OFFICES


By:    /Marc S. Strecker/
Marc S. Strecker, Esq.
marc.strecker@sbcglobal.net
STRECKER LAW OFFICES
2600 Michelson Drive, Suite 1700
Irvine, California  92612
Telephone:  (949) 852-3600
Facsimile:  (949) 861-9696
Attorneys for Plaintiff JOSEPH A.
BRANDSTETTER

STRECKER LAW
OFFICES

- 47 -

COMPLAINT